Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for the Plaintiff and the putative class

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Booher, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JetBlue Airlines Corporation,<br><br>　　　　　　　Defendant. | **Case No. 3:15-cv-1203**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>**(1)　　Failure to Pay Minimum Wage in Violation of California Law (Cal. Lab. Code §§ 1182.12, 1194, and 1194.2, and IWC Wage Order(s))**<br><br>**(2)　　Failure to Pay Overtime in Violation of California Law (Cal. Lab. Code §§ 510, 1194, 1198, and IWC Wage Order(s))**<br><br>**(3)　　Failure to Pay Minimum Wage in Violation of San Francisco Minimum Wage Ordinance (San Francisco Admin. Code § 12R)**<br><br>**(4)　　Waiting Time Penalties (Cal. Lab. Code §§ 201-203)**<br><br>**(5)　　Wage Statement Penalties (Cal. Lab. Code § 226)**<br><br>**(6)　　Violation of California Business and Professions Code §§ 17200 <u>et seq.</u>**<br><br>　　　　**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

**PRELIMINARY STATEMENT**

1. JetBlue Airways Corporation ("JetBlue"), according to its own policies, does not pay its flight attendants for all hours worked. Plaintiff Christopher Booher brings this putative class action on behalf of similarly situated JetBlue flight attendants to recover wages for unpaid for work performed for JetBlue.

2. This is a class action brought by Individual and Representative Plaintiff Christopher Booher ("Booher" or "Plaintiff") on his own behalf and on behalf of the proposed classes. Plaintiff and the putative Class Members are or were employed as flight attendants by Defendant JetBlue Airlines Corporation, ("JetBlue" or "Defendant"), or its predecessors-in-interest, and were denied proper compensation as required by state wage and hour laws. Plaintiff brings claims on behalf of a class of Defendant's flight attendants pursuant to Federal Rule of Civil Procedure 23.

3. The Class is made up of all persons who have been employed by Defendant as flight attendants who have performed work for Defendant within the State of California at any time within the four years prior to this action's filing date through the trial of this action (the "Class Period"). Plaintiff also seeks to represent subclasses of flight attendants who performed work for JetBlue within the City of San Francisco, and a subclass of flight attendants who worked over eight (8) hours in a day within the state of California without receiving overtime premium pay.

4. During the Class Period, Defendant failed to pay minimum wages to Plaintiff and each member of the putative classes as required by state and local law. Plaintiff seeks relief for the classes under state and local wage and hour laws to remedy Defendant's failure to pay all wages due, including appropriate minimum wages and overtime wages. Plaintiff seeks restitution of unpaid wages, payment of waiting time penalties and wage statement penalties, and injunctive relief.

**THE PARTIES**

5. Individual and representative Plaintiff Christopher Booher is an individual residing

-1-
CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

in West Hollywood, California. He was employed by Defendant from 2003 through October 2012 as a flight attendant. Throughout his employment with JetBlue, and within the last three years, Plaintiff Booher regularly worked on flights arriving into and departing from San Francisco International Airport, San Jose International Airport, Oakland International Airport, Sacramento International Airport, Los Angeles International Airport, Burbank Bob Hope Airport, Long Beach Airport, and San Diego International Airport.

6. Within the last three years, Plaintiff has worked at least two hours for Defendant within the City of San Francisco on more than one occasion.

7. Upon information and belief, Defendant JetBlue Airlines Corporation is a Delaware corporation headquartered in Long Island City, New York. JetBlue operates out of numerous airports throughout the country, including San Francisco International Airport, San Jose International Airport, Oakland International Airport, Sacramento International Airport, Los Angeles International Airport, Burbank Bob Hope Airport, Long Beach Airport, and San Diego International Airport. Defendant operates flights throughout the country.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's and the Class Members' causes of actions alleged herein under section 28 U.S.C. § 1332(d), because this is a class action in which the amount in controversy exceeds $5,000,000 and the named Plaintiff, and some class members, are citizens of a different state than Defendant.

9. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial portion of the events which are the subject of this action were performed in the County of San Francisco, in the State of California.

10. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Francisco County, California.

//

//

//

**FACTUAL ALLEGATIONS**

11. During the applicable statutory periods, Plaintiff and Class Members worked as flight attendants for Defendant. Defendant, through its policies, practices, and supervisors, directed the work activity of Plaintiff and other flight attendants.

12. Defendant paid Plaintiff and Class Members as hourly employees. Defendant established hourly pay rates for all flight attendants based on seniority.

13. Defendant's pay structures are set out in Defendant's Flight Attendant Manual, which Defendant applied when paying its flight attendants, including Plaintiff. Defendant compensates flight attendants according to their flight time, meaning that, Defendant pays flight attendants for the hours between the time the forward entry door is closed at the departure gate and the pilot releases the brake, until the time the pilot engages the brake and the gate agent opens the forward entry door at the destination gate. Flight attendants paid based on flight time are not paid for hours worked before or after this time.

14. Plaintiff and Class Members were and are required to be present at the airport for at least one hour prior to their flight's scheduled departure time. During this time, flight attendants are required to attend a pre-flight briefing meeting, inspect the airplane and perform safety checks, and board passengers onto the plane.

15. Similarly, once a flight lands, flight attendants were and are required to facilitate deplaning, including checking aircraft doors, communicating with flight leaders, and cleaning the aircraft. Deplaning at California airports regularly takes 30 to 45 minutes or more.

16. JetBlue often schedules flight attendants to take multiple trips in the same duty period. JetBlue does not allow flight attendants to leave the airport in between their scheduled flights, except for at the end of their duty period. JetBlue instructs its flight attendants that they are still on duty between scheduled flights in the same duty period, and that they may be called upon to depart early on a different flight.

17. On multiple instances, Plaintiff and other flight attendants worked for more than 8 hours in a day <u>within the state of California</u>. For example, Plaintiff sometimes flew from Long Beach to Sacramento, back to Long Beach, and then to Oakland <u>in one day</u>. Depending on

1  scheduling, weather, and various delays, this itinerary could take eight to twelve hours, or more.
2  Plaintiff and Class Members were not paid at 1.5 times their regular rate when they worked more
3  than 8 hours within a day.

4      18.    Defendant's pay structure entails paying Plaintiff and Class Members a set hourly
5  rate for some of the hours worked onboard the aircraft. Under this structure, Plaintiff and Class
6  Members are paid a set hourly rate from the time the aircraft "blocks out" (when the forward
7  entry door is closed and the brake is released at the departure gate), until it "blocks in" at the
8  destination. Under this pay scheme, Plaintiff and Class Members are not paid for, among other
9  things, work performed at the airport before or after their flight, for time spent onboard the
10 aircraft before the doors are closed, or for time spent at the airport between flights. Additionally,
11 if a flight is delayed prior to boarding, flight attendants are not paid for time spent waiting.

12     19.    Under this pay structure, JetBlue regularly fails to pay its flight attendants for all
13 hours worked.

14     20.    Defendant's wage statements did not accurately reflect all hours worked.

15     21.    Because Defendant did not pay Plaintiff and other flight attendants for all hours
16 worked, Defendant did not provide Plaintiff and other flight attendants all wages owed at the time
17 they were no longer employed by Defendant.

18     22.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

19     23.    Defendant's conduct, as set forth in this Complaint, was willful and in bad faith.
20 Defendant operated under a scheme that has caused significant damages to Plaintiff and Class
21 Members.

## CLASS ALLEGATIONS

23     24.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal
24 Rules of Civil Procedure on behalf of the following defined class and subclasses:

25     **California Class:**    All Persons who are or have been employed by Defendant
    as flight attendants and who performed work for Defendant in the State of
26     California at any time within the four years prior to this action's filing date
    through the trial of this action.
27

28     **San Francisco Subclass:**    All Persons who are or have been employed by
    Defendant as flight attendants and who performed work for Defendant in the City

-4-

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

and County of San Francisco for at least two hours in any day at any time within the four years prior to this action's filing date through the trial of this action.

**Overtime Subclass:** All Persons who are or have been employed by Defendant as flight attendants who worked for Defendant for more than eight hours in a day entirely within the State of California at any time within the four years prior to this action's filing date through the trial of this action.

25. Plaintiff seeks certification of this lawsuit as a class action, in order that his rights and the rights of the Class Members, relating to failure to pay minimum wages, failure to timely pay wages owed, failure to provide accurate wage statements, prejudgment interest, attorneys' fees and any other damages due, be resolved fairly, efficiently, and consistently.

26. This action is brought pursuant to Fed. R. Civ. P. 23 because the class is so numerous that joinder of all members is impracticable. There are thousands of flight attendants in the proposed class. A class action is appropriate because there exists ascertainable and sufficiently numerous classes, there is a well-defined community of interest, and proceeding on a class-wide basis will have substantial benefits and is superior to the alternatives.

27. *Numerosity.* The size of the classes makes a class action both necessary and efficient. The classes consist of thousands of current and former employees. Members of the classes are ascertainable through Defendant's records, and are so numerous that joinder is impracticable.

28. *Predominant Common Questions of Law and Fact.* The issues surrounding this lawsuit present common questions of law and fact, and these common questions predominate over the variations, if any, which may exist between members of the class. These common questions of law and fact include, without limitation:

    a. Whether Defendant had a policy and practice of ever paying Plaintiff and Class Members based on flight time instead of all time worked;

    b. Whether Defendant's pay policies violate California's minimum wage requirements;

    c. Whether Defendant's pay policies violate San Francisco's minimum wage requirements;

    d. Whether Defendant's pay policies violate California's overtime pay requirements;

-5-
CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

  e. Whether Defendant failed to pay Class Members their full wages when due as required by California Labor Code §§ 201 and 202;

  f. Whether Defendant failed to provide accurate itemized wage statements to Class Members and maintain adequate records as required by Labor Code § 226;

  g. Whether Defendant's conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq*. by violating state laws as set forth herein; and

  h. The proper measure of damages sustained by Plaintiff and Class Members.

29. *Typicality.* Plaintiff's interests in the subject matter and remedy sought are typical of those of the other putative class members. Plaintiff, like other members of the class, was employed during the Class Period, and was subjected to Defendant's uniform pay practices that failed to pay at least the applicable minimum wage for all hours worked. Plaintiff and Class Members sustained injuries arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

30. *Adequacy.* Plaintiff is able to fairly and adequately represent and protect the interests of the class, because his individual interests are consistent with, and not antagonistic to, the interests of the classes, and because he has retained counsel who possess the requisite resources and ability to prosecute this case as a class action. Plaintiff's counsel is competent and experienced in litigating large wage and hour class actions.

31. *Superiority.* Individual actions by each member of the class injured or affected would result in a multiplicity of actions, and potentially inconsistent judgments, creating a hardship to Plaintiff, the Class Members, to the Court, and to Defendant. The damages suffered by the individual Class Members are small compared to the expense and burden of vigorous individual prosecution of this litigation against a corporate Defendant. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

32. Plaintiff intends to send notice to all members of the class to the extent required by the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LAW

(Cal. Wage Order No. 9; Cal. Labor Code §§ 1182.12, 1194, and 1194.2)

(On Behalf of Plaintiff and the California Class)

33. Plaintiff and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

34. At all times relevant to this action, Plaintiff and Class Members were employed by Defendant within the meaning of the California Labor Code.

35. From January 1, 2008 until June 30, 2014, the minimum wage in California was $8.00 an hour. Since July 1, 2014, the minimum wage in California has been $9.00 an hour.

36. Class Members employed by Defendant were not exempt from the minimum wage requirements of California law.

37. California law requires employers to pay at least the minimum wage for all hours worked. *See Gonzalez v. Downtown LA Motors, LP*, 215 Cal.App.4th 36, 51-53 (2013) (holding that employer's failure to pay auto mechanics for time between piece rate work violates California's minimum wage requirements). California law does not allow an employer to establish compliance with minimum wage requirements by averaging rates earned by an employee over an entire shift. Under Defendant's compensation plan, Plaintiff and Class Members are paid for hours worked between "block out" and "block in," but not for any of the time worked prior to departure or after arrival. Defendant's compensation scheme violates California's minimum wage requirements because it fails to pay Plaintiff and Class Members for all hours worked.

38. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and Wage Class members, in conscious disregard of Plaintiff's and Class Members' rights.

39. During the applicable statute of limitations, Defendant has failed to pay Plaintiff and Class Members the applicable minimum wage for all hours worked, in violation of Cal. Labor Code § 1182.12 and relevant wage orders.

40. Pursuant to Cal. Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid wages in an amount to be established at trial, plus prejudgment interest, and costs and attorneys' fees. Further, Plaintiff and Class Members are entitled to recover liquidated damages pursuant to Cal. Labor Code § 1194.2.

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGE IN VIOLATOIN OF SAN FRANCISCO MINIMUM WAGE ORDINANCE

San Francisco Admin. Code § 12R

(On Behalf of Plaintiff and the San Francisco Subclass)

41. Plaintiff and San Francisco Subclass Members allege and incorporate by reference the allegations in the preceding paragraphs.

42. At all times relevant to this action, Plaintiff and San Francisco Subclass Members were employed by Defendant within the meaning of San Francisco's Minimum Wage Ordinance, were covered by the provisions of San Francisco's Minimum Wage Ordinance, and were not exempt from the minimum wage requirements of that ordinance.

43. The San Francisco minimum wage was $9.79 per hour in 2010, $9.92 per hour in 2011, $10.24 per hour in 2012, $10.55 per hour in 2013, and $10.74 per hour in 2014. Since January 1, 2015, San Francisco's minimum wage has been $11.05 per hour.

44. San Francisco International Airport is part of the City and County of San Francisco, and is covered by San Francisco's Minimum Wage Ordinance.

45. The San Francisco Minimum Wage Ordinance requires employers to pay at least the minimum wage for all hours worked. It does not allow an employer to establish compliance with minimum wage requirements by averaging rates earned by an employee over an entire shift. Under Defendant's compensation plan, Plaintiff and Class Members are paid for hours worked between "block out" and "block in," but not for any of the time worked prior to departure or after arrival. Defendant's compensation scheme violates San Francisco's minimum wage requirements because it fails to pay Plaintiff and San Francisco Subclass Members for all hours worked.

//

1  46. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and San Francisco Subclass Members, in conscious disregard of Plaintiff's and Class Members' rights.

47. During the applicable statute of limitations, Defendant has failed to pay Plaintiff and San Francisco Subclass Members the applicable minimum wage for all hours worked, in violation of San Francisco Admin. Code § 12R.

48. Pursuant to San Francisco Admin. Code § 12R.7(c), Plaintiff and San Francisco Subclass Members are entitled to recover their unpaid wages in an amount to be established at trial, plus prejudgment interest, and costs and attorneys' fees. Further, Plaintiff and San Francisco Subclass Members are entitled to recover liquidated damages in the amount of $50 per violation per day.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LAW

Cal. Wage Order No. 9; Cal. Labor Code §§ 510, 1194

(On Behalf of Plaintiff and the Overtime Subclass)

49. Plaintiff and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

50. At all times relevant to this action, Plaintiff and the Overtime Subclass were employed by Defendant within the meaning of the California Labor Code.

51. By the Course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510 and 1194.

52. The California Labor Code requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees.

53. Plaintiff and the Overtime Subclass were non-exempt employees entitled to be paid proper overtime compensation.

54. During the relevant statutory period, Plaintiff and the Overtime Subclass worked in excess of eight hours in a work day and/or forty hours in a work week for Defendant.

55. During the relevant statutory period, Defendant failed and refused to pay Plaintiff

-9-

1 and the Overtime Subclass proper overtime compensation for overtime hours worked.

2 56. Defendant had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff and Members of the Overtime Subclass for their hours worked.

4 57. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code.

6 58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Overtime Subclass have sustained damages which they are entitled to recover, including loss of earnings for hours of overtime worked on behalf of Defendant, interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## WAITING TIME PENALTIES
### Cal. Labor Code §§ 201, 202 & 203
(On Behalf of Plaintiff and the Classes)

59. Plaintiff and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

60. California Labor Code §§ 201 and 202 require Defendant to pay employees who quit or are discharged all wages due within specified times. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

61. Plaintiff and Class Members are entitled to unpaid minimum wages, but to date have not received all such compensation. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and Class Members, in conscious disregard of Plaintiff's and Class Members' rights.

62. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, Plaintiff and Class Members are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

//

**FIFTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

(Labor Code § 226)

(On Behalf of Plaintiff and the Classes)

63. Plaintiff and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

64. Pursuant to Labor Code § 226, employers, including Defendant, must provide their employees an accurate, written, itemized wage statement with each paycheck. The wage statement must show all applicable pay rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

65. By failing to itemize the number of hours Plaintiff and other Class Members were paid and the different pay rates used, Defendant knowingly and intentionally failed to provide Plaintiff and Class Members with the required accurate, written, itemized wage statements.

66. Pursuant to Labor Code § 226, Plaintiff and Class Members have suffered injury as a result of Defendant's failure to provide accurate, written, itemized wage statements.

67. Defendant has committed and continues to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and Class Members, in conscious disregard of Plaintiff's and Class Members' rights.

68. Plaintiff and Class Members are entitled to all actual and statutory damages and penalties available for these violations under Labor Code § 226(e).

**SIXTH CAUSE OF ACTION**

**CALIFORNIA UNFAIR COMPETITION LAW**

Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiff and the Classes)

69. Plaintiff and Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

//

//

70. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

71. The acts and practices of Defendant described herein constitute unfair and unlawful business practices as defined by the UCL. Defendant has engaged in unlawful activities including but not limited to: (a) failing to compensate Class Members at a wage rate at least equal to the applicable minimum wage for each hour worked; (b) failing to provide accurate, written, itemized wage statements; and (c) failing to pay all wages when due.

72. Defendant's activities also constitute unfair competition in violation of the UCL because Defendant's practices violate, *inter alia*, California Labor Code §§ 201; 202; 226; 510; 1182.12; and 1194, as well as the San Francisco Minimum Wage Ordinance. Each of these violations constitutes an independent and separate violation of the UCL.

73. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition. Defendant's practices described above are immoral, unethical, oppressive, unscrupulous, and injurious. Defendant was unjustly enriched and achieved an unfair competitive advantage over legitimate business competitors at the expense of its employees and the public at large.

74. The harm to Plaintiff and the Classes in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

75. Defendant's conduct as herein alleged has injured Plaintiff and Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and Class Members. Plaintiff and Class Members have standing to bring this claim for injunctive relief, restitution, disgorgement, and other appropriate equitable relief pursuant to Bus. & Prof. Code § 17204.

76. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and Class Members are entitled to restitution of the minimum wages and other unpaid wages alleged herein

-12-

that were withheld and retained by Defendant within the four years prior to this action's filing date, a permanent injunction requiring Defendants to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all members of the Classes he represents, prays for relief as follows:

A. Unpaid minimum wages, liquidated damages, overtime premium wages, other due wages, and injunctive relief, pursuant to California law and applicable local laws;

B. Certification of this action as a class action;

C. Designation of Plaintiff as class representative;

D. Appointment of Nichols Kaster, LLP as class counsel;

E. Appropriate equitable relief to remedy Defendant's violations of state law;

F. Appropriate statutory penalties;

G. An award of damages and restitution to be paid by Defendant according to proof;

H. Attorneys' fees and costs of suit, including expert fees, pursuant to Cal. Labor § 1194, California Code of Civil Procedure § 1021.5, and San Francisco Admin. Code § 12R.7(c);

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other equitable relief as the Court may deem just and proper.

//
//
//
//
//
//
//

-13-
CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

**DEMAND FOR JURY TRIAL**

77.     Plaintiff and Class Members hereby demand a jury trial with respect to all causes of actions and claims for which they have a right to a jury trial.

Dated: March 13, 2015              **NICHOLS KASTER, LLP**

By:     s/Matthew C. Helland
              Matthew C. Helland

Attorneys for Plaintiff and Others Similarly Situated

-14-