1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   CHRISTOPHER BOOHER and PATRICIA          No. C 15-01203 JSW
    REID, individually and on behalf of others
10  similarly situated, and on behalf of the general
    public,
11
                    Plaintiffs,              **ORDER REGARDING CROSS-**
12                                           **MOTIONS FOR SUMMARY JUDGMENT**
       v.
13
    JETBLUE AIRWAYS CORPORATION,
14
                    Defendant.
15  _____/

16

17          Now before the Court is the motion for partial summary judgment filed by Plaintiffs

18  Christopher Booher and Patricia Reid, on behalf of a putative class ("Plaintiffs") and the cross-

19  motion for partial summary judgment filed by Defendant JetBlue Airways Corporation ("JetBlue").

20  Having carefully reviewed the parties' papers and considered their arguments and the relevant

21  authority, and good cause appearing, the Court hereby DENIES Plaintiffs' motion for partial

22  summary judgment and GRANTS IN PART AND DENIES IN PART JetBlue's motion for partial

23  summary judgment.

24                                   **BACKGROUND**

25          Plaintiff Booher was a flight attendant for JetBlue from 2003 through October 2012 (*See*

26  Amended Complaint ("SAC"), ¶ 5.)  Plaintiff Reid was a flight attendant for JetBlue from 2011

27  through August 2015.  (*Id.* ¶ 7.)  JetBlue provides air transportation and operates flights throughout

28  the country, including from multiple airports in California, including San Francisco International

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

Airport, Los Angeles International Airport, Oakland International Airport, Burbank Bob Hope Airport, Long Beach Airport, and San Diego International.  (*Id.* ¶ 9.)  Plaintiffs contend that JetBlue paid its flight attendants as hourly employees at hourly rates based on seniority.  (*Id.* ¶¶ 13-14.) JetBlue currently employs approximately 3,692 flight attendants based in the United States.  (*See* Declaration of Julia Garcia ("Garcia Decl.") ¶ 2.)

Every month JetBlue's flight attendants receive an information packet ("Bid Packet") that provides a listing of all available flight pairings ("Pairing"), a pre-planned sequence of flights that may consist of one or more flight segments or one or more on duty times in which attendants are not in flight.  (*See* Declaration of Steven Killeen ("Killeen Decl.") ¶¶ 2, 3, Exs. A (118:12-20), B (133:9-134:2).)  Once they have reviewed the Bid Packets, flight attendants submit their preferences for specific Pairings as a bid from which their monthly schedule is generated.  Flight attendants' schedules are therefore fluctuating and depend upon their preferences and the seniority-based bid system.  (Garcia Decl. ¶ 3.)

Generally, a flight attendant reports to the airport at a designated report time to begin the Pairing, typically one hour prior to the first flight time.  (Killeen Decl. Ex. C (34:17-35:7). Following a short briefing with the rest of the crew, the flight attendant reports to the departure gate in advance of passenger boarding.  (*Id.* at 42:6-15.)  Then the crew performs its duties to ensure that the cabin is ready to receive passengers and assists with the boarding process, which usually begins about 35 minutes prior to the scheduled departure.  (*Id.* at 44:8-45:5.)  After passengers have boarded and the pilot has received clearance, the pilot releases the brake and pushes back from the gate (Block Out).  (*Id.* at 28:18-21.)  Upon arrival at the destination (Block In), the flight attendant assists with deplaning the passengers and may assist with cleaning the aircraft cabin.  (*Id.* at 52:1-53:24.)  The duty period ends fifteen minutes after the Block In of the last flight segment.  (*Id.* at 58:22-59:1.)

For Duty Periods with multiple flight segments, there is time between one segment's arrival and the next segment's departure time, referred to as "Turn" or "Ground" time.  (*Id.* at 27:13-28:7.) During the Turn time, flight attendants are generally available for their own activities without attendant job duties, but must report to the next gate 45 minutes before departure time.  (*Id.* at 54:4-

10, 61:8-14.)  JetBlue considers the Turn time to be duty time for compensation purposes.  (*Id.* at 55:18-56:1.)  However, if the flight attendant's Duty Period ends in a destination other than home, the attendant is released from work for a Layover, rest time which is not considered duty time. (*Id.* at 29:8-10.)

Each Bid Packet includes a listing of all the available Pairings for the upcoming month, detailing all of the expected departure and arrival times for each flight and the block times for each segment of the Duty Periods.  This information allows the flight attendants to determine the pay formulas applicable to each Pairing as scheduled and the flight attendants may identify their preferences for the following month.  (*Id.*, Ex. B at  79:25-80:8, 87:22-88:8, 137:11-17, 139:23-25, 140:9-18.)  The rules, policies, and scheduling procedures for all flight attendants, including compensation formulas, are contained in the Flight Attendant Manual given to Plaintiffs.  (*Id.*, Ex. A at 87:8-23, Ex. B at 69:17-70:3.)  According to the record in this matter, JetBlue pays its flight attendants according to one of four formulas for all time on duty and selects the formula that results in the highest compensation for each flight attendant for each particular Pairing.  (*See* Killeen Decl., Ex. E, Ex. A at 146:20-147:5.)

Plaintiffs contend, however, that the hourly rates promised JetBlue's flight attendants is misleading, and that they are not paid the rates for all hours actually worked.  Plaintiffs allege that, for the vast majority of the time, JetBlue pays only the hourly rates for time actually in the air (from Block Out to Block In) and pays nothing for the time at the departure and arrival gates.  Plaintiffs filed this purported class action of flight attendants seeking unpaid wages for their unpaid time at California airports.  Plaintiffs also allege that, on multiple instances, they have worked for more than eight hours a day within the state of California, but were not paid overtime wages of 1.5 times their regular rate as required by California law.  (SAC ¶ 20.)  On the basis of these allegations, Plaintiffs file suit for (1) failure to pay minimum wages in violation of California Labor Code sections 1182, 1194, and 1194.2; (2) failure to pay overtime wages in violation of California Labor Code sections 510 and 1194; (3) wage time penalties in violation of California Labor Code section 201, 202, and 203; (4) failure to provide itemized wage statements in violation of California Labor Code section 226; (5) civil penalties pursuant to California's Private Attorneys General Action of 2004, California

1  Labor Code section 2698; and (6) violations of California Unfair Competition law, California

2  Business and Professions Code section 17200, *et seq.*

3      Plaintiffs move for partial summary judgment on their first claim for relief for failure to pay

4  minimum wages, second claim for relief for failure to pay overtime, and sixth cause of action for

5  violations of California Unfair Competition law.  JetBlue opposes and cross-moves for partial

6  summary judgment on Plaintiffs' first claim for relief for failure to pay minimum wages and sixth

7  claim for relief for unfair competition.

8      The Court shall address specific, additional facts, as necessary, in the remainder of this order.

9                                    **ANALYSIS**

10  **A.     Legal Standard on Motion for Summary Judgment.**

11      A motion for summary judgment is guided by a different standard.  Summary judgment is

12  appropriate when the record demonstrates "that there is no genuine issue as to any material fact and

13  that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is

14  "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.

15  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  "[A]t the summary judgment stage

16  the judge's function is not ... to weigh the evidence and determine the truth of the matter but to

17  determine whether there is a genuine issue for trial."  *Id.* at 249.  A fact is "material" if it may affect

18  the outcome of the case.  *Id.* at 248.  The party moving for summary judgment bears the initial

19  responsibility of identifying those portions of the record which demonstrate the absence of a genuine

20  issue of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In the absence of such

21  facts, "the moving party is entitled to a judgment as a matter of law."  *Celotex,* 477 U.S. at 323.

22      Once the moving party meets this initial burden, the non-moving party "may not rest upon

23  the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

24  affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

25  genuine issue for trial."  Fed. R. Civ. P. 56(e).  If the non-moving party fails to make this showing,

26  the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**B.      Wage and Hour Claim.**

Just as Delta Air Lines did in this District's recent case, *Oman v. Delta Air Lines, Inc.*, JetBlue contends that assuming California law applies to the work Plaintiffs perform while in California airports, JetBlue's compensation scheme complies with California law because Plaintiffs were paid at least the operable California minimum wage rate for all Duty hours while in California. --- F. Supp. 3d --- (2015); Case No. 15-CV-00131 WHO; 2015 WL 9478241 at *7 (N.D. Cal. Dec. 29, 2015). The same four compensation formulas that were at issue in *Oman* were relied upon in a predecessor case, *DeSaint v. Delta Air Lines, Inc.*, which confronted the same question presented here: "whether [the airlines'] use of its four pay formulas violated [state] law by failing to pay plaintiff flight attendants for every hour worked." *Id*. (citing *DeSaint*, Case No. 13-11856 GAO, 2015 WL 18882424 (D. Mass. Apr. 15, 2015)). Applicable California law requires payment of a minimum wage for "every hour" worked, not merely compensation weekly at an amount exceeding the total hours worked multiplied by the applicable minimum wage. *See id.* at *8 (citing *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 319 (2005)). This averaging method, allowed under federal law, is not permitted under California law. Rather, "all hours worked must be compensated at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." *Id.* (citing *Armenta*, 135 Cal. App. 4th at 323). "California's labor statutes reflect a strong public policy in favor of full payment of wages for all hours worked." *Id.* (citing *Armenta*, 135 Cal. App. 4th at 324).

Similar to the courts in *DeSaint* and *Oman*, this Court finds that JetBlue's compensation formulas do not implicate the wrongs identified in *Armenta*. Just as this District found in *Oman*, the Court here finds that JetBlue applies its compensation formulas "that expressly consider all hours worked in the first instance. It is not engaging in a post-hoc attempt to rationalize a failure to pay for all hours worked by pointing out that pay exceeds the minimum wage floor as in *Armenta*." *Id.* at *9. Indeed, just as in *Oman*, the Court finds that flight attendants "received Bid Packets that state the minimum guaranteed pay for each Rotation, so they can easily calculate their rate of pay for the mix of responsibilities they would have during the Rotation. This is also no attempt by [the airlines] to take back wages by 'building in' pay for uncompensated tasks to the pay earned for compensated

1    tasks." *Id.*  The Court similarly finds that JetBlue has not engaged in "post-hoc 'averaging'

2    rationalization in an attempt to justify treating specific tasks as uncompensated." *Id.*  Accordingly,

3    the Court finds that Plaintiffs are paid for all hours worked, based on the minimum guarantee in the

4    Bid Packet and considering all hours actually worked.  Accordingly, Plaintiffs motion for summary

5    judgment as to their first claim for relief for failure to pay minimum wages in violation of California

6    law is DENIED.  JetBlue's cross-motion for summary judgment on the first claim for relief

7    GRANTED.

8    **C.    Overtime Claim.**

9        Plaintiffs contend that JetBlue violates California law which requires the payment of

10   overtime at a rate of one-and-a-half times the employee's regular rate of pay for any hours worked

11   over eight in a day.  *See* Cal. Labor Code § 510.  JetBlue admits that flight attendants are on duty

12   during their rotations, and the record indicates that there are instances in which individual Plaintiffs

13   have worked duty periods lasting over eight hours, entirely within the state of California.

14       In response, JetBlue contends that there is a dispute of fact regarding the number of hours

15   any particular flight attendant was working within California airspace, including the time, for

16   instance, the flights were passing through airspace over federal enclaves, such as Yosemite National

17   Park.  Although the Court finds it unlikely that the time passing over federal enclave airspace would

18   significantly effect the net time over eight hours, the Court cannot, on the current evidentiary record,

19   determine specifically the amount of time any particular flight attendant spent working in California

20   over eight hours in a single day without receiving time-and-a-half pay.   Accordingly, Plaintiffs'

21   motion for summary judgment as to their overtime claim is DENIED.  However, the Court does find

22   that, should Plaintiffs produce specific accounting for days and flight paths over and within

23   California territory for over eight hours in a single day, that flight attendant would be entitled to the

24   benefit of overtime wages under California law.

25   **D.    Unfair Competition Claim.**

26       JetBlue moves for summary judgment of Plaintiffs' sixth claim for relief for violation of

27   California's unfair competition law.  To the extent it is predicated upon the first claim for relief for

28   violation of minimum wage statutes, it is dismissed.  *See, e.g., Rubin v. Wal-Mart Stores, Inc.*, 599

**United States District Court**

For the Northern District of California

United States District Court

For the Northern District of California

F. Supp. 2d 1176, 1179 (N.D. Cal. 2009).  However, to the extent the sixth claim for relief is predicated on alleged violations of other California statutes, including overtime wages or Plaintiffs' other claims, JetBlue's motion for summary judgment of Plaintiffs's sixth claim for relief is DENIED.

### CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for partial summary judgment and GRANTS IN PART AND DENIES IN PART JetBlue's motion for partial summary judgment.

In addition, the Court sets a further case management conference for September 9, 2016 at 11:00 a.m.  The parties shall file a joint case management conference statement by no later than September 2, 2016.

**IT IS SO ORDERED.**

Dated: April 26, 2016

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7